VERMILYA v. PENNSYLVANIA STEEL CO. et al.

(Circuit Court. E. D. Pennsylvania. April 23, 1898.) No. 29.

PATENTS—RAILWAY SWITCHES.

The Brahn patent, No. 248,990, for an improvement in railway switches, relating particularly to the crossbar and lugs which serve to connect the pointed or movable rails of the switch, discloses patentable invention, but, in view of the prior art, must be restricted to the particular devices substantially as described. The claim is, however, infringed by a device made according to patent No. 308,373, which merely shows a variation in the form of the jaws.

This was a suit in equity by Allen G. N. Vermilya against the Pennsylvania Steel Company and others for alleged infringement of a patent.

A. G. N. Vermilya, in pro. per.
Joshua Pusey, for defendant.

DALLAS, Circuit Judge. The bill in this case charges infringement of letters patent No. 248,990, issued to James Brahn, and dated November 1, 1881. The invention, as the specification states, "relates to railway switches, and more particularly to the crossbar and lugs which serve to connect the pointed or movable rails of the switch." The only claim is as follows:

"In a railway switch, the combination, with the pointed or movable rails, B, B, of the lugs, C, fabricated as specified, and composed of the body, c, adapted to fit upon and depend somewhat below the flange of the rail, and the upwardly reaching flange, $c^1$, adapted to fit against the body of

the rail, and having the jaws, $c^2$, together with the forged bars, D, having the flattened ends, d, all substantially as and for the purpose described."

*Fig. 1.*

The evidence, including several prior patents and the Exhibit Pennsylvania Steel Company's Circular, conclusively shows that the invention of Brahn was not a primary one. But I cannot agree that he made no invention at all. He devised, in complete and combined shape, a convenient and improved arrangement of crossbar and lugs, which, though nearly approached, had not been before produced. His contribution to the art involved invention, although not of the highest order, and was both new and useful. The construction he devised was more convenient and better fitted for use than any of the appliances which had preceded it; and what is said in the defendant's circular of the advantages of the socket connecting bar, covered by patent No. 308,373, under which the defendant manufactures, might, in the main, be equally well said of the Brahn device. I am of opinion, therefore, that the patent in suit should be sustained. See the recent decision of the circuit court of appeals for this circuit in Clinton Wire-Cloth Co. v. Hendrick Mfg. Co., 86 Fed. 137. The claim, however, cannot be broadly construed, but must, in view of the prior art, be restricted to the particular devices substantially as described. But the defendant's contrivance, as shown by the models before me, is obviously the same as that described in the Brahn patent, except only that the form of the jaws is somewhat varied. In the defendant's patent this variation is termed a "socket," and by one of the witnesses in this case it is said to be what is "called a 'box jaw.'" But, whatever be its name, the thing is essentially identical with the device of Brahn. It effects the same object in exactly the same way. Clinton Wire-Cloth Co. v. Hendrick Mfg. Co., supra. The defendant's "socket" is nothing but the "jaws" of the plaintiff, having a slot or opening at the end towards the rail, and with the two sides closed. The bar is passed entirely through the open jaws, and it is pivoted thereto as in the Brahn arrangement, and the only difference in result is that the lateral movement of which the bar is capable is much restricted. But, as it allows as much play as the shifting of the point rail requires, this difference is immaterial, unless, indeed, it be true that the restriction is (as defendant asserts) advantageous, in which case a claim for improvement might possibly have been sustained, but not for appropriation of the previously patented subject to which the improvement applies. Decree for complainant.